UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CARO VENTURES, L.L.C.              CIVIL ACTION NO. 05-1018

versus                              JUDGE HICKS

BIOSET, INC., ET AL.                MAGISTRATE JUDGE HORNSBY

# REPORT AND RECOMMENDATION[1]

Plaintiff, Caro Ventures, L.L.C., is a Louisiana limited liability company. Defendants are Bioset, Inc. ("Bioset"), Samuel Shepherd ("Shepherd") and Edward Boss ("Boss"). All of the defendants are citizens of Texas. Shepherd removed the case to this court based on an assertion of diversity of citizenship. Plaintiff filed a motion to remand (Doc. 5) alleging that the notice of removal was untimely and that a co-defendant did not consent to the removal. The undersigned issued a Report and Recommendation (Doc. 14) recommending that Plaintiff's motion be denied.

The undersigned also issued a Memorandum Order (Doc. 15) that ordered Shepherd, the removing party, to amend his notice of removal to allege the citizenship of the members of the Plaintiff limited liability company. Most states, including Louisiana, define an LLC

---

[1]This Report and Recommendation is not intended for commercial print or electronic publication.

as an unincorporated association. See La. R.S. 12:1301(A)(10). An unincorporated association is a citizen of each state of which any member is a citizen. Its state of organization and principal place of business are irrelevant. Cosgrove v. Bartolotto, 150 F.3d 729, 731 (7th Cir. 1998); Handelsman v. Bedford Village Assocs. L.P., 213 F.3d 48 (2d Cir. 2000); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004); Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 694 (7th Cir. 2003). If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002). Accordingly, there is no diversity in this case if any member of the plaintiff LLC is a citizen of Texas.

Shepherd filed a Second Supplemental and Amended Notice of Removal (Doc. 17) alleging that Plaintiff has two members: Campbell Capital, LLC and Roberts Oil & Land Co. Shepherd also alleged that Campbell Capital LLC has three members: E.R. Campbell, Jr., E.R. Campbell, III and Christopher G. Campbell, all of whom are alleged to be domiciled in Louisiana. Roberts Oil & Land Co. is alleged to be a Louisiana corporation with is principal place of business in Louisiana. These facts would indicate that there is diversity.

Plaintiff immediately filed an Amended Motion to Remand (Doc. 18). Plaintiff's amended motion is based on the contention that Anna Kathryn Campbell Hyde, a citizen of Texas, is also a member of Campbell Capital. If Ms. Hyde is, in fact, a member of the LLC, then there is not diversity of citizenship between Plaintiff and Shepherd, because Shepherd

is also a citizen of Texas.

Shepherd opposes the Amended Motion to Remand on the basis that, just eleven days before he removed this case to federal court, Campbell Capital filed its 2005 Annual Report with the Louisiana Secretary of State and *did not list Ms. Hyde as a member*. Shepherd argues that Campbell Capital "should not be allowed to fabricate a membership for the sole purpose of attempting to defeat the jurisdiction of this court." Opposition (Doc. 22), ¶ 8. Alternatively, Shepherd asks for (a) leave to conduct discovery on the issue and (b) a stay pending the Supreme Court's decision in Lincoln Property Co. v. Roche.

Plaintiff explains that Ms. Hyde was not listed on the annual report simply because the Secretary of State's computer program has only enough space to list three members on the one-page annual report form. Plaintiff argues that it is the records of the company, and not the annual report, which should identify the members of the LLC, citing La. R.S. 12:1319(A) and (D). Section 1319(A) provides that the LLC shall keep at its registered office, among other documents: (1) a current list of the members and managers; (2) records which would enable a member to determine the voting rights of the members; and (3) a copy of the articles of organization, together with any amendments thereto. Section 1319(D) provides in relevant part that an LLC and its members, managers and agents may recognize and treat a person registered on its records as a member for all purposes.

Plaintiff attaches the Articles of Organization and Initial Report of Campbell Capital, LLC, dated June 24, 1996. Those documents, the authenticity of which are not disputed,

disclose Ms. Hyde as a member of the LLC with a mailing address in Dallas, Texas. Plaintiff also attaches the affidavit of Ms. Hyde, wherein she testifies under oath that she has been a member of the LLC continuously since 1996. She also testifies that she is domiciled in Texas.

The records of Campbell Capital, LLC affirmatively demonstrate that Ms. Hyde was and is a member of the LLC and that she was and is domiciled in Texas. The erroneous Annual Report from 2005 that omitted her name is not enough to establish diversity jurisdiction when all of the organic records of the LLC show otherwise. The removing party, in this case Shepherd, has the burden of proving that federal jurisdiction exists. De Aguilar v. Boeing, 47 F.3d 1404, 1408 (5th Cir. 1995). Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). Here, the documents overwhelmingly show that Ms. Hyde's membership in Campbell Capital, LLC destroys diversity jurisdiction. Removal of this case was improper, and it should be remanded to state court.

Shepherd argues in his brief that he should be permitted additional discovery on this issue. Shepherd does not, however, explain what discovery it would pursue or what the additional discovery might reveal. Furthermore, this issue has been on the table since the August 18, 2005 Memorandum Order. No further delay to conduct additional discovery is warranted.

Shepherd's request for a stay pending the Supreme Court's decision in Lincoln

Property Company v. Roche, is now moot. The Supreme Court's decision was rendered on November 29, 2005. 2005 WL 3158018. That decision does not impact the analysis used to resolve the Amended Motion to Remand.

Accordingly,

It is **recommended** that **Plaintiff's Amended Motion to Remand (Doc. 18) be granted,** and that this case be **remanded** to the First Judicial District Court, Caddo Parish, Louisiana because this court lacks subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 8th day of December, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE